UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| CASEY GARLAND SNIDER, | ) | |
| | ) | 3: 13-cv-01283-PK |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| RICK COURSEY, | ) | |
| | ) | |
| Respondent. | ) | |

Anthony D. Bornstein
Federal Public Defender's Office
101 SW Main Street, Suite 1700
Portland, Oregon  97204

        Attorney for Petitioner

Ellen F. Rosenblum
Attorney General
Samuel A. Kubernick
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Casey Garland Snider brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his conviction and sentence for robbery. For the reasons set forth below, the Petition for Writ of Habeas Corpus [1] should be denied, and Judgment should be entered dismissing this action with prejudice.

## PROCEDURAL BACKGROUND

On April 5, 2007, the Clackamas County Grand Jury returned an indictment charging Snider with one count of Robbery in the First Degree with a Firearm, two counts of Felon in Possession of a Firearm, two counts of Theft in the Second Degree and one count of Robbery in the Second Degree. Respondent's Exhibit 102. Following a bench trial, Snider was convicted on all counts and the sentencing court imposed a sentence totaling 160 months. Respondent's Exhibit 101.

Snider directly appealed his convictions and sentence, but the Oregon Court of Appeals affirmed the trial court without a written opinion, and the Oregon Supreme Court denied review. *State v. Snider*, 230 Or. App. 756, 217 P.3d 703 (2009), *rev. denied* 347 Or. 365, 222 P.3d 1091 (2009); Respondent's Exhibits 103-107.

Snider next filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief on his PCR Petition. *Snider v. Coursey*, Umatilla County Circuit Court Case No. CV101529. On appeal, the Oregon Court of Appeals granted the State's motion

for summary affirmance, and the Oregon Supreme Court denied review. Respondent's Exhibits 120-127.

On July 26, 2013, Snider filed this action.  His claims  for relief as set forth in his Petition [1] are as follows:

1.    Ineffective Assistance of Counsel

Counsel failed to adequately question multiple witnesses at Petitioner's criminal trial, thus violating his Sixth Amendment rights, United States Constitution and Article One, Section Two of the Oregon Constitution . . . .

a.    Failed to attack the indictment;
b.    Failed to present a plea agreement option;
c.    Improperly directed [Petitioner] to proceed with bench trial; and
d.    Failed to gain severance of Counts 1-3 from 4-6 which grossly prejudiced my case and trial.

2.    Improper Joinder (Forced Joinder)

Was denied severance of Counts 1-3 (ROB 1st) from counts 4-6 (ROB 2nd), which occurred on separate dates, times, and locations . . . which is why I wanted them severed so as to testify to the ROB 2nd case and plea to the ROB 1st.   This fact severely prejudiced my case.   Not to mention the fact there was no weapon in the ROB 2nd case (backed up by multiple detectives' testimony, in trial). They testified to the fact that "there was no weapon seen" and also "there was daylight between defendant's fingers".  this is why the original charge was Robbery in the 3rd . . .

3.    Illegal Indictment

Per the original detective reports, as well as their sworn testimonies--the original charge was established as Rob in the 3rd.  The Clackamas Co. Dist. Attorney trumped these charges up to:  Rob in the 2nd.   There is a huge difference twixt these two charges (50-months) . . . especially when the evidence supports a Rob 3rd . . . "no weapon seen" and also "daylight was seen between Mr. Snider's fingers" per the detectives reports and trial testimony -- as seen on the camera evidence . . .

4.    Illegal Sentence

    a.    Charged with Rob 2nd when the evidence clearly promotes the "original" charge of:  Rob 3rd . . .

    b.    Improperly directed [Petitioner] to proceed with a judge and or bench trial as opposed to a jury trial . . .

    c.    Denied the severance of Counts 1-3 (Rob 1st) form Counts 4-6 (Rob 2nd), even though I was more than willing to testify on the Rob 2nd and "shed new light" and "facts" on one and plea on the Rob 1st . . .

    d.    Never given a formal opportunity to take a reasonable plea agreement . . .

Respondent asks the Court to deny relief on the Petition because:  (1) with the exception of Snider's claim that trial counsel failed to adequately question witnesses at trial (subpart set out in the body of Ground One), the remaining Ground One ineffective assistance of counsel claims (subparts a-d) are procedurally defaulted; (2) Snider's Ground Two improper joinder claim raises an issue of state law only and is not cognizable in this federal habeas corpus proceeding; (3) Grounds Three and Four were not fairly presented to the Oregon courts and are procedurally defaulted; and (4) Snider's exhausted ineffective assistance claim alleging counsel failed to adequately question witnesses was denied in a state court decision entitled to deference.

DISCUSSION

I.   <u>Unargued Claims</u>

Notwithstanding the fact that respondent briefed all the claims set forth in the Petition, with the exception of an ineffective assistance of trial counsel claim alleging counsel

4 - FINDINGS AND RECOMMENDATION

failed to thoroughly and adequately impeach the State's witnesses with available information in police reports, Snider does not provide argument to support the merits of his remaining claims.

On federal habeas review, Snider must show that the state court determination denying his claims was contrary to or involved an unreasonable application of federal law as established by Supreme Court precedent.   28 U.S.C. § 2254(d).   The Court has reviewed Snider's unargued claims on the existing record and determined that they do not entitle him to relief.  Accordingly, by not advancing these claims in his supporting memorandum, Snider has failed to meet the burden of proof for habeas relief under § 2254(d) and relief on these claims must be denied.

II.   **Merits**

A.   **Standards**

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was:   (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and Snider bears the burden of rebutting the presumption of correctness by clear and convincing evidence.   28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id.* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id.* at 409.

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id.* at 689.

6 - FINDINGS AND RECOMMENDATION

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id.* at 696.

B.    **Analysis**

1.    **Trial Counsel Rendered Ineffective Assistance Because He Failed to Thoroughly and Adequately Impeach the State's Witnesses with Available Information in Police Reports (Subpart Ground One)**

Snider contends that his trial counsel rendered ineffective assistance when he failed to elicit testimony: (1) from Officer Rogers establishing that the victim never stated during his police interview that the robber was armed with a weapon; and (2) from Detective Lee establishing that the victim never mentioned the robber had a gun in his police interview. He maintains that had counsel performed adequately, there is a reasonable probability that the judge would have acquitted Snider on the Robbery in the Second Degree count. In addition, Snider argues that the Oregon Court of Appeals erred in granting the State's Motion for Summary Affirmance on the basis Snider failed to present evidence regarding what the witnesses would have testified to. Snider insists the police reports contained adequate proof of prejudice supporting his

assertion that the PCR court's denial of his claim was contrary to *Strickland*.

The PCR trial court made the following pertinent findings on the record:

> THE COURT: All right. Thank you. As I said, I've read this case prior to hearing argument today. Mr. Snider, I'm denying post-conviction relief and I'll explain to you why. I think the bottom line is, the person you're really unhappy with is the Judge who found you guilty despite all the inconsistencies that you think existed in the testimony.
>
> And that's not, I don't find that your lawyer contributed to that problem. And this is what the Court order is going to say. Petitioner is only challenging the Rob 2 conviction. The State theory was not that Petitioner was armed. Even the DA never thought that there was a gun.
>
> And that the store clerk was reasonable in believing that, when he gave up the money, that he gave up the money for a reason. And the Court found that he gave it up because he felt you were armed.
>
> The attorney's whole argument was the issue of whether the Petitioner purported to have a weapon. He did point out those same inconsistencies in the clerk's report. He did argue that no weapon was used or purported, but the Court found there was sufficient evidence. All direct, cross-examination was adequate, insufficient evidence of any inadequacy by the lawyer and insufficient evidence of any prejudice.

Respondent's Exhibit 119, pp. 36-37.

In reaching its conclusion, the PCR court had before it an affidavit from trial counsel responding to Snider claims. Counsel averred as follows:

> 6. Witness Harold Rogers was one of the responding officers and stated that he interviewed witness Hendershott [the victim] and later sat in on detective Lee's interview with Hendershott. Officer Rogers was cross-examined as to the presence of a weapon and

8 - FINDINGS AND RECOMMENDATION

confirmed that no actual weapon was seen. The interview observed of detective Lee was also consistent with detective Rogers' information. Rogers also testified that Hendershott confirmed there was no conversation with officer Rogers about seeing anything that looked like a weapon.

7. The defense called Robert Wade Lee, a Lake Oswego detective, as its witness. Officer Lee testified that he interviewed Hendershott and also viewed the videotape to determine if Mr. Snider possessed a weapon. Officer Lee testified that there was not a weapon in Mr. Snider's hand while on film.

8. That during closing argument, the district attorney did not make any contention that a weapon existed, but contended that it was represented by words and conduct that Mr. Snider was armed. The closing argument by me on behalf of Mr. Snider argued that fiction had been created to contend that this was an armed robbery. It was pointed out that the police had no information that there was a weapon involved.

9. The transcript reveals that the trial judge pointed to Mr. Hendershott's testimony indicating that a weapon might be present and it was pointed out to the judge that it would have had to be in his hand since the black jacket worn by Mr. Snider was a pullover jacket.

10. That during the cross-examination or direct testimony of witnesses, an attorney needs to utilize his judgment regarding how far to push a witness. In Mr. Hendershott's (the victim's) case, he testified that, while he saw something, he was not sure what it was and that the robber did not voice any threats of harm. That testimony, coupled with the police officer's testimony that they received no information from Hendershott about anything that looked like a weapon, appeared to be the best position we could obtain from Mr. Hendershott at the trial. In my judgment, it would have been imprudent to ask Mr. Hendershott more direct questions and open the door to him solidifying his testimony by making a stronger statement in favor of the presence of a weapon.

Respondent's Exhibit 117, pp. 2-3.

The Court has carefully reviewed the record, including relevant trial testimony and the police reports. At the heart of

Snider's claim is the fact that when questioned at trial about whether he had seen a weapon, Hendershott testified that he saw "black metal" and that he told officers he saw something but was not sure what it was.  In contrast, the reports state that "[t]he suspect never mentioned a weapon but had his hand on his right side."  There is no specific mention in the police reports of Hendershott reporting he saw an object, black metal or otherwise. Snider's counsel highlighted that fact[1] and elicited testimony from Officer Rogers on cross examination that had such information been disclosed, it would have been in the report.  Moreover, as accurately noted by the PCR court above, trial counsel focused his arguments on what he characterized in closing as "the fiction that the State is trying to create that the March 23rd robbery was an armed robbery."

Counsel's efforts notwithstanding, the fact finder was convinced, based on Snider's words and conduct, that the victim reasonably feared Snider had a weapon:

> THE COURT:  * * * Count 4, Robbery in the Second Degree, Mr. Hendershott was there.  Mr. Hendershott concluded that the defendant had a weapon, he thinks he saw a black object as the defendant held his hand by his side.

---

[1] "Yet, after these people meet to prepare for trial, and I'm assuming they're reviewing contested issues and so forth, they appear in court and * * * Mr. Hendershott says that there is a black metal object in this person's hand and this is the first time that there is black metal object that is in -- is in evidence anyway and I'm assuming --"  Transcript of Proceedings, Volume 9, p. 533.

10 - FINDINGS AND RECOMMENDATION

The defendant's verbal statements, the yelling in a
threatening manner, demanding money from the till and the
drop from the safe, the ski mask, reaching by his side,
it's certainly sufficient for threatening the immediate
use of physical force and representing that he was armed
with a dangerous weapon.

Transcript of Proceedings, Volume 9, p. 541.

Based on the foregoing, the Court concludes that Snider has

failed to demonstrate that the PCR court's conclusion that trial

counsel adequately exposed any alleged inconsistencies between

Hendershott's testimony at trial and his earlier reports to police

was objectively unreasonable. Accordingly, Snider cannot establish

on this record that the PCR court's denial of relief on this claim

was contrary to or an unreasonable application of *Strickland v.*

*Washington* or that it was based on an unreasonable determination of

the relevant facts presented at trial. Moreover, as the State

correctly notes, Snider did not present the Oregon Court of Appeals

with evidence of how Officer Rogers and Detective Lee would have

responded to questioning about differences between the police

report and Hendershott's testimony, and it cannot be known whether

their testimony would have been helpful to Snider.

///

///

///

///

11 - FINDINGS AND RECOMMENDATION

## RECOMMENDATION

Based on the foregoing, the Petition for Writ of Habeas Corpus
[1] should be DENIED, and judgment should enter DISMISSING this
case with prejudice.

In addition, the district judge should certify that Snider has
not made a substantial showing of the denial of a constitutional
right pursuant to 28 U.S.C. § 2253(c)(2).   This case is not
appropriate for appellate review.

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a
district judge.  Objections, if any, are due fourteen (14) days
from service of the Findings and Recommendation.  If no objections
are filed, then the Findings and Recommendation will go under
advisement on that date.

If objections are filed, then a response is due fourteen (14)
days after being served with a copy of the objections.  When the
response is due or filed, whichever date is earlier, the Findings
and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these
findings will be considered a waiver of that party's right to
de novo consideration of the factual issues addressed herein and
will constitute a waiver of the party's right to review of the
findings of fact in any order or judgment entered by a district

12 - FINDINGS AND RECOMMENDATION

judge.    These  Findings  and  Recommendation  are  not  immediately appealable  to  the  Ninth  Circuit  Court  of  Appeals.    Any  notice of  appeal  pursuant  to  Rule  4(a)(1)  of  the  Federal  Rules  of Appellate  Procedure  should  not  be  filed  until  entry  of  judgment.

DATED this 23rd day of February, 2015.

_____
Paul Papak
United States Magistrate Judge

13 - FINDINGS AND RECOMMENDATION