IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CASEY GARLAND SNIDER**, | Case No. 3:13-cv-01283-PK |
| Petitioner, | **OPINION AND ORDER** |
| v. | |
| **RICK COURSEY**, | |
| Respondent. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Paul Papak issued Findings and Recommendation in this case on February 23, 2015. Dkt. 30. Judge Papak recommended that: (1) the Petition for Writ of Habeas Corpus (Dkt. 1) be denied; and (2) the Court certify that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S.

PAGE 1 – OPINION AND ORDER

140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Petitioner timely filed an objection (Dkt. 32) to which Respondent responded (Dkt. 33). Petitioner objects to four separate findings made by Judge Papak. First, Petitioner objects to Judge Papak's finding that Petitioner "has failed to demonstrate that the PCR court's conclusion that trial counsel adequately exposed any alleged inconsistencies between Hendershott's testimony at trial and his earlier reports to the police was objectively unreasonable." Second, Petitioner objects to Judge Papak's finding that Petitioner cannot "establish on the record that the PCR court's denial of his claim was contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), or that it was based on an unreasonable determination of the facts presented at trial." Third, Petitioner generally objects, without further elaboration, to Judge Papak's recommendation that the Petition be denied. Fourth, Petitioner objects to Judge Papak's finding that Petitioner's Sixth Amendment claim is not appropriate for appellate review under 28 U.S.C. § 2253(c)(2).

The Court has reviewed *de novo* Judge Papak's Findings and Recommendation, as well as Petioner's objections, Respondent's response, and the underlying briefing in this case. The

Court agrees with Judge Papak's reasoning and adopts the Findings and Recommendation. For those portions of Judge Papak's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

## CONCLUSION

The Court ADOPTS Judge Papak's Findings and Recommendations. Dkt. 30. The Petition for Writ of Habeas Corpus (Dkt. 1) is DENIED. The Court further certifies that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 24th day of March, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge